UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
TRI-COASTAL DESIGN GROUP, INC.
a New Jersey Corporation,
                      Plaintiff,          CIVIL ACTION

                                            Index No.: 05 CV 5727 (NB)

                                            **STIPULATION OF**
                                            **SETTLEMENT**
     -v-

EURO CLASSICS, a New Jersey Corporation,
NEIL TILSON, an individual, CENTRAL
JERSEY WAREHOUSE, a New Jersey Corporation,
and Does 1-20,
                      Defendants.
------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, on this 14th day of October 2005 by and between the undersigned counsel of the parties and by and between Defendant Euro Classics, a New Jersey corporation and Neil Tilson, an individual (collectively "Euro"), and Plaintiff Tri-Coastal Design Group, Inc., a New Jersey corporation ("Tri-Coastal") (hereinafter, Euro and Tri-Coastal are collectively referred to as the "Parties") as follows:

       A.    The trademark "SIMPLE PLEASURES" (hereinafter the "Trademark") was created by Tri-Coastal, and is currently owned by the Plaintiff. The Trademark was first used in commerce on or about November 20, 2003 with bath & body products, as well as with cosmetics.

       B.    On or about March 8, 2005, the Trademark was entered on the Principal Register of the United States Patent and Trademark Office as registered trademark No. 2,931,428, for perfume, toilet water, bath gels, bath crystals, skin soap, salts for the bath and shower, cosmetics,

namely, lotions, compacts, creams and milks, bath oils, bath beads, bath foam, bath powder, and sachets (collectively, the "Products").

C.  Euro is in the business of creating and selling, *inter alia*, gift baskets. Euro markets its products, among other ways, through retailers and distributors.

D.  Euro has been marketing and distributing gift baskets that included the Products using the Trademark.

E.  Tri-Coastal filed an action against Euro in the United States District Court for the Southern District of New York, case no. 05 CV 5727 (NB), arising under the Lanham Act, 15 U.S.C. §101 *et seq.*, for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1), for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and for substantial and related claims under New York State and the Common Law, and Euro filed counterclaims for, *inter alia*, cancellation of Tri-Coastal's registration of the Trademark (collectively the "Action");

F.  In order to avoid the further expense and uncertainties of litigation, the Parties desire to settle fully and finally all differences embodied within or arising from the Action, subject to the terms contained in this Stipulation.

**NOW THEREFORE**, for the good and valuable consideration for the performance of the mutual promises set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **REPRESENTATIONS OF EURO REGARDING INVENTORY AND DISTRIBUTION OF GIFT BASKETS.** Euro represents and warrants that it has no remaining inventory of the Products or any like products that use the Trademark. Euro acknowledges that Tri-Coastal is relying on Euro's representation regarding its remaining inventory of the Products

and like products that use the Trademark, and that such representation is a material inducement for Tri-Coastal to enter into this Stipulation.

2. **COMPENSATION.** Upon execution of this Stipulation Euro will pay to Tri-Coastal twenty-five hundred dollars and 00/100 ($2,500.00) in full and final satisfaction of all the claims brought or could have been brought by Tri-Coastal in the Action against defendants Euro Classics and Neil Tilson.

3. **DISMISSAL OF THE ACTION.** The Parties shall move the Court to dismiss the Action (including all claims and counterclaims) with prejudice with each party bearing its own costs and expenses, including its attorneys' fees, and the Parties shall set forth in their motion that pursuant to agreement of the Parties and as a condition of dismissal pursuant to Fed. R. Civ. P. 41(a), the Court will retain jurisdiction to enforce the terms of this Stipulation.

4. **NO ADMISSION.** Nothing in this Stipulation shall be deemed to be or be construed to be an admission of liability by any party to any other party and any such liability is expressly denied.

5. **ACKNOWLEDGEMENTS.** Euro acknowledges Tri-Coastal's exclusive rights in and to the Trademark when used with the Products. The Parties expressly acknowledge that nothing in this Stipulation shall operate as a release of any claim, demand, or right of action that the Parties may have relating to the enforcement of This Stipulation or for conduct of the parties that arises after the execution of this Stipulation.

6. **REMEDIES UPON BREACH.** The Parties acknowledge and agree that a prevailing party shall be entitled to recover its reasonable attorneys fees associated with the enforcement of this Stipulation, in addition to any other relief to which the prevailing party may

be entitled, including, without limitation, actual damages, profits, statutory damages and injunctive relief.

7.  **COMPLETE AGREEMENT.** Without in any many limiting the enforceability of the permanent injunction issued by this Court relating to this matter, the Parties intend this Stipulation as a final and complete expression of their agreement and understanding with respect to its subject matter. The terms of this Stipulation are contractual, and may not be changed, modified, altered, interlineated, or supplemented, nor may any covenant, representation, warranty, or other provisions hereof be waived, except by agreement in writing signed by the party against whom enforcement of the change, modification, alteration, interlineation, or supplementation is sought. Nor may any covenant, representations, warranty, or other provision hereof be waived, except by agreement in writing signed by the party against whom enforcement of the waiver is sought. The Parties acknowledge to one another that no promise, inducement, or agreement not contained herein has been expressed or made to any of them in connection with this Stipulation.

8.  **NO ASSIGNMENT.** The Parties expressly represent and warrant that they have not assigned or transferred to any person, firm, corporation, partnership, association, or other entity whatsoever any or all of the rights, duties, or obligations embodied or released in this Stipulation.

9.  **NO THIRD-PARTY BENEFICIARIES.** The Parties represent and warrant that there are no third-party beneficiaries of this Stipulation and that they do not intend there to be any such third-party beneficiaries.

10. **AUTHORITY TO BIND.** The Parties each warrant and represent that each of the individuals executing This Stipulation has the legal capacity to enter into this Stipulation and the authority to bind their respective Parties.

11. **ENFORCEABILITY OF VALID TERMS.** In the event that any of the terms, conditions or provisions of this Stipulation are held to be illegal, unenforceable or invalid by a court of competent jurisdiction, the legality, validity and enforceability of the remaining terms, conditions or provisions shall not be affected thereby. The headings in this Stipulation are provided for convenience and are not intended to have any substantive meaning or convey any rights or obligations.

12. **CHOICE OF LAW AND FORUM.** This Stipulation shall be governed and interpreted under the laws of the State of New York. Any dispute regarding the subject matter of this Stipulation shall be heard by the U.S. District Court for the Southern District of New York pursuant to the Parties' agreement that the Court shall retain jurisdiction to enforce the terms of this Stipulation. The Parties agree not to oppose such jurisdiction or venue in a proceeding to enforce the terms of this Stipulation.

13. **COUNTERPARTS.** This Stipulation may be executed in counterparts with the same force and effect as if a single original had been executed by all of the Parties hereto

14. **NOTICE.** All notices hereto or required to be given under any of the provisions hereof shall be in writing and shall be deemed to have been given upon receipt if a copy thereof has been personally delivered or mailed by United States registered or certified mail, return receipt requested, or sent by Federal Express or other air courier service to the parties at the following addresses:

|  |  |
|---|---|
| If to Euro: | Mr. Neil Tilson<br>EURO CLASSICS<br>1831 Burnet Avenue<br>Union, New Jersey 07083 |
| with a copy to: | Bernard Malina, Esq.<br>MALINA & ASSOCIATES, P.C.<br>60 East 42nd Street<br>New York, NY 10165 |
| If to Tri-Coastal: | Michael Mastrangelo<br>Tri-Coastal Design Group, Inc.<br>49 West 37th Street<br>New York, NY 10018 |
| with a copy to: | Tedd Levine, Esq.<br>Baldinger & Levine, LLC<br>114 Old Country Rd.- Suite 116A<br>Mineola, NY 11501 |

BALDINGER & LEVINE, LLC
Attorneys for Plaintiff

By: _____
Tedd S. Levine (TL 0158)
114 Old Country Rd.
Suite 116A
Mineola, NY 11501

MALINA & ASSOCIATES, P.C.
Attorneys for Defendants Euro Classics
and Neil Tilson

By: _____
Bernard Malina, Esq. (BM 2324)
60 East 42nd Street
New York, NY 10165

TRI-COASTAL DESIGN GROUP, INC.
Plaintiff

By: _____
Michael Mastrangelo
President

EURO CLASSICS
Defendant

By: _____
Neil Tilson

NEIL TILSON
Defendant

_____

SO ORDERED:


_____
Hon. Naomi Buchwald
United States District Court Judge